Anthony J. Marchetta
DAY PITNEY LLP
One Jefferson Road
Parsippany, New Jersey 07054
Telephone: (973) 966-6300
Facsimile:  (973) 966-1015
amarchetta@daypitney.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil Action No.: 08-cv-05656 (SDW)(MCA) |
| Plaintiff, | |
| v. | **ORDER AMENDING CONSENT DECREE OF PERMANENT INJUNCTION** |
| ACTAVIS TOTOWA, LLC, ACTAVIS, INC., corporations, and SIGURDUR OLI OLAFSSON, and DOUGLAS BOOTHE, individuals, | **(DKT. NO. 5)** |
| | **(Document Filed Electronically)** |
| Defendants. | |

WHEREAS, this matter was opened to the Court upon the motion of Day Pitney LLP, counsel for Defendants Actavis Totowa, LLC, Actavis, Inc., Sigurdur Oli Olafsson ("Defendant Olafsson"), and Douglas Boothe ("Defendant Boothe") (collectively, "Defendants"), on notice and without opposition from counsel for Plaintiff United States of America ("Plaintiff"), for an order amending the Consent Decree of Permanent Injunction (Dkt. No. 5); and

WHEREAS, on November 14, 2008, Plaintiff filed a Complaint for a Permanent Injunction against Defendants stating a cause of action under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301-397 (the "Action"); and

WHEREAS, on January 22, 2009, this Court entered a Consent Decree of Permanent Injunction ("Consent Decree") agreed to by all Parties and binding upon all Defendants; and

WHEREAS, pursuant to paragraph 27 of the Consent Decree, this Court retained jurisdiction over the Action and the Parties for the purpose of enforcing and modifying the Consent Decree; and

WHEREAS, at the time of the Consent Decree, Defendant Olafsson held the position of Chief Executive Officer of Actavis Group hf and prior to that was interim Chief Executive Officer of Defendant Actavis, Inc.; and

WHEREAS, Defendant Olafsson was named in the Action as an individual Defendant by virtue of those positions; and

WHEREAS, on June 23, 2010, Defendant Olafsson resigned from his position with Actavis Group hf but remained as a special consultant to Actavis Group's new chief executive officer through August 31, 2010; and

WHEREAS, since August 31, 2010, Defendant Olafsson has not held any position of responsibility with Actavis Group hf or with Defendants Actavis Inc. and/or Actavis Totowa, LLC; and

WHEREAS, Defendant Olafsson holds no direct equity interests in Defendants Actavis, Inc. and/or Actavis Totowa, LLC; and

WHEREAS, paragraph 20 of the Consent Decree states that "Defendant Sigurdur Oli Olafsson and/or Defendant Douglas Boothe shall notify FDA if, at any time after entry of this Decree, he ceases to be employed by or affiliated in any way with Defendants Actavis Totowa and Actavis, Inc. Such individual Defendant may, after providing FDA thirty (30) calendar days written notice, petition the Court to be released from this Decree."; and

WHEREAS, paragraph 20 of the Consent Decree further states that "[u]nless, within such 30-day period, FDA determines that Mr. Olafsson or Mr. Boothe, as applicable, has not ceased to be employed by or affiliated with Defendants Actavis Totowa and/or Actavis, Inc., FDA will not oppose release of such individual from this Decree pursuant to such petition."; and

WHEREAS, the FDA was notified that Defendant Olafsson concluded his employment and affiliation with Actavis Group hf and Defendants Actavis Totowa and Actavis, Inc. as of August 31, 2010; and

WHEREAS, FDA does not oppose the release of Defendant Olafsson from the Consent Decree pursuant to Defendants' motion.

NOW THEREFORE, the Court, having considered the papers filed in support of the motion, and good cause having been shown, amends the Consent Decree, effective September 1, 2010, as follows:

1. The definition of "Defendants" on page 2 of the Consent Decree is amended to remove the reference to Defendant Sigurdur Oli Olafsson ("Defendant Olafsson");

2. All specific references to Defendant Olafsson in the Consent Decree are stricken;

3. As of September 1, 2010, Defendant Olafsson is released from any obligations under the Consent Decree and is no longer bound by its terms; and

4. All other provisions of the Consent Decree remain applicable against the remaining Defendants: Actavis Totowa, LLC, Actavis, Inc., and Douglas Boothe.

SO ORDERED, this 28th day of September, 2010.

HONORABLE SUSAN D. WIGENTON
United States District Judge